STATE v. GLENDON JONES.

(Filed 21 September, 1966.)

1. Criminal Law § 151—

The Supreme Court is limited to the record in the prosecution in which the appeal is taken and cannot consider defendant's contention that he thought his plea of guilty in such prosecution would wipe the slate clean in regard to other prosecutions pending against him.

2. Criminal Law § 131—

The hearing before the court to fix punishment after a plea of guilty is informal; however, it would seem advisable that the court see that the evidence adduced at such hearing is placed in the record so that the appellate court may have the information that was available to the lower court.

APPEAL by defendant from Parker, J., April 1966 Mixed Session of BEAUFORT Superior Court.

The defendant was charged in three bills of indictment with the crime of forgery and uttering forged checks, true bills having been returned by the Grand Jury in Nos. 5952, 5953 and 5954 at the September 1965 Term. The defendant executed an affidavit of indigency and counsel was appointed to represent him after proper findings by the presiding Judge. Thereafter the defendant through his Court appointed counsel, J. D. Grimes, entered pleas of guilty in the three cases. They were consolidated for judgment and it was ordered that defendant be confined to State's Prison for a term of not less than 4 nor more than 7 years, on 8 November, 1965.

No notice of appeal was given at that time, but on 16 November, 1965, the defendant wrote the Clerk of Superior Court of Beaufort County that he wished to appeal. Nothing further was done until 11 April, 1966, when Judge Rudolph Mintz, then presiding, made an order to the effect that the letters written by the defendant constituted a substantial attempt to appeal. He ordered that Mr. Grimes be continued as defendant's counsel for the purpose of perfecting the appeal, and that he be allowed to appeal in forma pauperis. Pur-

STATE *v.* JONES.

suant to that order Mr. Grimes prepared the case on appeal as best he could with the limited record available, which consisted of copies of the bills of indictment, judgment, etc., and some correspondence between defendant and the Clerk of the Court. The evidence heard by the Court at the time judgment was pronounced was apparently not taken by the Court Reporter and does not appear in the case on appeal.

*Attorney General T. W. Bruton, Theodore C. Brown, Jr., Staff Attorney for the State.*
*Junius D. Grimes, Jr., for defendant appellant.*

PER CURIAM. The defendant, being represented by able counsel, entered pleas of guilty in three cases of forgery and uttering forged instruments. The maximum penalty of each of these counts is 10 years, so that the total could have been as much as 60 years. The judgment imposed is well within these limits.

Defendant complains that he thought he was getting "a clean sheet" but that other charges were not disposed of and are still pending. Since the record deals only with the forgery cases we are limited to them.

It has long been the custom in the State that upon a plea of guilty the hearing is informal, and it is seldom that the Court Reporter takes the evidence, and this is the history of this case. In view of recent rulings, it would seem to be advisable that the presiding Judge see that a record is made of the evidence adduced before him so that upon appeal the appellate court may have the information that was available to the lower court.

The burden is on the defendant not only to show error but also that the error complained of affected the result adversely to him, as the presumption is in favor of the trial below. Strong, Criminal Law § 160. The record imports verity and the Supreme Court is bound thereby. *Ibid* § 151. And where the matter complained of does not appear of record the defendant has failed to make irregularity manifest. *Ibid,* § 160.

The prisoner is not at fault for the paucity of the record, but we cannot assume that he has been illegally punished.

No error.